UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE MANUEL AGUIRRE SEPULVEDA, NOEMI ESTEFANIA MORENO MIRELES,<br><br>                                     Plaintiffs,<br><br>v.<br><br>PAMELA BONDI, U.S. Attorney General, et al.,<br><br>                                     Defendants. | Case No.:  26cv573-LL-DDL<br><br>**ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[ECF No. 3] |

Before the Court is Plaintiffs Jorge Manuel Aguirre Sepulveda and Noemi Estefania Moreno Mireles' Ex Parte Motion for a Temporary Restraining Order [ECF No. 3 ("TRO")] precluding Immigration and Customs Enforcement (ICE) from detaining Plaintiff Sepulveda at his adjustment-of-status interview on February 10, 2026 at the USCIS San Diego Field Office "and then removing Plaintiff, and, if that would happen, for his immediate release." TRO at 3. Defendants filed an Opposition. ECF No. 6 ("Oppo."). For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion.

The purpose of a temporary restraining order (TRO) is to preserve the status quo and prevent irreparable harm until a preliminary injunction may be held. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423,

439 (1974). The legal standard for a TRO and a preliminary injunction is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The party seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits, (2) he will likely suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *City & Cty. of San Francisco v. United States Citizenship & Immigr. Servs.*, 944 F.3d 773, 789 (9th Cir. 2019) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). In the Ninth Circuit, the court may apply a sliding scale test in which "serious questions going to the merits" and a balance of hardships that tips sharply toward the moving party can support the issuance of a preliminary injunction, as long as there is also a showing of a likelihood of irreparable injury and that the injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

The Court finds Plaintiffs have failed to show that Plaintiff Sepulveda is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiffs' counsel includes declarations from two attorneys whose clients were arrested at their adjustment-of-status interviews in November and December 2025 at the USCIS field office in San Diego. ECF No. 3 at 23–29. Plaintiff also includes news reports from November and December 2025 describing ICE arrests of applicants at their adjustment-of-status interviews at the USCIS field office in San Diego. *Id*. at 31–47. Although there have been similarly situated people who have been arrested, there is no indication of whether such an arrest is likely to happen to him. In fact, Defendant states that "Plaintiff Aguirre Sepulveda has not been identified by ICE Enforcement and Removal Operations (ERO) San Diego as subject for arrest or detention." Oppo. at 3, 4. While Defendants have not confirmed whether ICE intends to arrest or detain Plaintiff Sepulveda during his USCIS interview, Defendants also state that "ERO San Diego does not have planned enforcement operations at the USCIS San Diego Field Office on February 10, 2026." *Id*. at 4. Moreover, the "most recent arrest occurred on December 17, 2025" [*id*.], implying that there have been no arrests in January 2026.

Thus, without more concrete or individualized facts about the likelihood of Plaintiff's arrest and detention, the Court cannot enjoin Defendants. *See Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

Accordingly, the Court **DENIES** the Motion for Temporary Restraining Order and **ORDERS** the parties to file a joint status report on or before **Friday, February 13, 2026** setting forth the parties' position concerning whether the Court still has jurisdiction over the complaint, especially considering whether Plaintiff was detained at his adjustment of status interview.

**IT IS SO ORDERED**.

Dated: February 9, 2026

Honorable Linda Lopez
United States District Judge